AO 440 (Rev. 01/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Healix Infusion Therapy, Inc. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Helix Health, LLC | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Steven Murphy, Agent for Helix Health, LLC
     2015 W. Main St.
     Stamford, CT 06902

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Scott Weiss
     Healix, Inc.
     14140 Southwest Fwy, Ste. 400
     Sugar Land, TX 77478

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____

                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev 01/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Healix Infusion Therapy, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Steven Murphy | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Steven Murphy
2015 W. Main St.
Stamford, CT 06902

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Scott Weiss
Healix, Inc.
14140 Southwest Fwy, Ste. 400
Sugar Land, TX 77478

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 01/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Healix Infusion Therapy, Inc. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Steven Murphy | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Steven Murphy
2015 W. Main St.
Stamford, CT 06902

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Scott Weiss
Healix, Inc.
14140 Southwest Fwy, Ste. 400
Sugar Land, TX 77478

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev 01/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| Healix Infusion Therapy, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Helix Health, LLC | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Steven Murphy, Agent for Helix Health, LLC
2015 W. Main St.
Stamford, CT 06902

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Scott Weiss
Healix, Inc.
14140 Southwest Fwy, Ste. 400
Sugar Land, TX 77478

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| HELIX HEALTH, LLC AND STEVEN | § | |
| MURPHY, INDIVIDUALLY | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Plaintiff Healix Infusion Therapy, Inc. and files this, its Original Complaint against Defendants Helix Health, LLC and Steven Murphy, individually, and would show the Court as follows:

## PARTIES

1.     Plaintiff Healix Infusion Therapy, Inc. ("Healix") is a corporation organized under the laws of the State of Texas, with its corporate office located at 14140 Southwest Freeway, Fourth Floor, Sugar Land, Texas 77478.

2.     Defendant Helix Health, LLC ("Helix Health") is a limited liability company organized under the laws of the State of Connecticut and can be served at 2015 W. Main St., Stamford, Connecticut 06902.

3.     Defendant Steven Murphy ("Murphy") is a resident of the state of Connecticut and can be served at 2015 W. Main St., Stamford, Connecticut 06902.

## JURISDICTION AND VENUE

4.     This is an action for breach of a settlement agreement (breach of contract) and trademark infringement.  The amount in controversy exceeds the sum of $75,000.00. The Court

has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.  Further, Defendants have consented to enforcement of the settlement agreement in the Southern District of Texas.

## FACTS COMMON TO ALL COUNTS

5.      Healix is the owner of the HEALIX® service mark as reflected by United States Federal Registration Nos. 2,258,592; 3,098,781; 3,098,782 and 3,101,469, of which Registration No. 2,258,592 is incontestable under Sections 8 & 15. The HEALIX® mark has been used in the healthcare industry since 1989 and is valid, subsisting, and in full force and effect.

6.      Healix is also the owner of the HEALIX™ trademark in Texas as reflected by Registration No. 5520517 and registered on December 18, 1995. Additionally, Healix is the owner of the HEALIX INFUSION THERAPY™ trademark in Texas as reflected by Registration No. 5543517 and registered on March 7, 1996.

7.      The HEALIX® mark is distinctive in nature. Healix has spent considerable time, effort, and expense in promoting, advertising, and popularizing the HEALIX®  mark within the healthcare industry, as well as the goods and services offered by Healix and its related entities, which include, but are not limited to, Healix Health Services and others.  As a result, its target market has come to rely upon and recognize the HEALIX® mark as the indicator of high-quality healthcare services with an unmatched level of professionalism and fair-dealing.

8.      Steven Murphy is a physician who, upon information and belief, is the owner of Helix Health, LLC.

### THE UNDERLYING LAWSUIT

9.      On January 30, 2008, Healix initiated a civil action against Defendants styled *Healix Infusion Therapy, Inc. v. Helix Health et al*, Civil Action No. 4:08-cv-337 for trademark infringement and violating the Anti-Cybersquatting Consumer Protection Act of 1999.  All claims other than the cause of action against Murphy for violating the Anti-Cybersquatting

Consumer Protection Act of 1999 were dismissed without prejudice for lack of personal jurisdiction.

10.     In the underlying case, Healix alleged that Murphy had registered <helixhealth.org>, <myhelixhealth.org>, and <myhelixhealth.com> in bad faith. The Court granted Murphy's motion for summary judgment despite the fact that he registered <myhelixhealth.org> and <myhelixhealth.com> after the lawsuit was filed.

## THE SETTLEMENT AGREEMENT

11.     While the case was on appeal, the parties entered into a settlement agreement on May 1, 2009.  *See* **Exhibit "A".**

12.     The settlement agreement provided that in exchange for $7,500.00 and the dismissal of its appeal by Healix, one or more Defendants would abandon their trademark application for HELIX HEALTH and transfer three domain names (<helixhealth.org>, <myhelixhealth.com>, and <helixfound.org>) to Healix.

13.     Additionally, one or more Defendants were required to provide a list of domain names that had been registered containing the words "Healix" or "Helix".

14.     The aforementioned obligations were required to be performed within 30 days of both parties receiving an executed copy of the settlement agreement.  Both parties received their respective copies on May 1, 2009 and thus, performance was required by June 1, 2009.[1]

15.     As a result of the parties entering into the settlement agreement, Healix dismissed its appeal with prejudice.

---

[1] Exclusive of the 30 day performance, Defendants were allotted 60 days to change the corporate name with the respective secretary of state's offices to allow for notice and transition of name changes/ payments by third party payors.

### BREACH OF THE SETTLEMENT AGREEMENT

16.     Despite receiving payment in full from Healix, as set forth in **Exhibit "B"** and notice that it had dismissed its appeal, one or more Defendants failed to fully perform their contractual obligations.

17.     Specifically, one or more Defendants abandoned their trademark application for HELIX HEALTH, yet failed to comply with the remaining clauses set forth in the settlement agreement:

> 2. Cessation of Use. Except as provided herein, within thirty (30) days after receipt of an executed copy of this Agreement by Murphy, Murphy shall cease using the "Helix Health" trademark, trade name, corporate identifier and any derivative thereof, including without limitation "Helix" and "Healix". This provision excludes the following corporate identifiers: (l) Helix Health of Connecticut, (2) Helix Health of Delaware and (3) Helix Health of New York. Murphy or his assignee can file a trademark application for "Helix Health and Medicine of New York" as or corporate identifier with the United States Patent and Trademark, and Healix will not oppose such registration. As to use of the corporate name, Helix Health LLC, Murphy and Helix Health, LLC shall have six months to change the corporate name for Helix Health LLC to allow for notice and transition of name changes and payments by third party payors. The corporate name, Helix Health, LLC shall not be used for purposes of marketing after the thirty day period set out above.

> \*\*\*\*

> 3.   Transfer of Domain Names. Within thirty (30) days after receipt of an executed copy of this Agreement by Murphy, Murphy shall take all necessary steps to assign, transfer, convey, and deliver exclusively to Healix, free and clear of any and all liens, encumbrances, and claims of third Parties, and Healix agrees to acquire from Murphy all of Murphy's right, title, and interest in and to the domain names <helixhealth.org>, <helixfound.org> and <myhelixhealth.com> to the extent of Murphy's and/or Helix Health's ownership interest.

> \*\*\*\*

> 8. Affiliated with Certain Entities. Murphy agrees not to represent his affiliations with Helix Health LLC of Ireland as an employee, owner, officer or otherwise having a vested interest therein. This clause is not an admission or an acknowledgment by Murphy that he has, in fact, misrepresented his affiliations in the past. Murphy agrees to provide a list of all domain names that he has registered using the terms "Helix" or "Healix" within ten (10) days of this

4

Agreement. Murphy represents that he has not used any other domain names for marketing Helix Health LLC other than those identified herein and during discovery of this case. In any event, Murphy agrees to transfer and/or assign all such names on request.

18.     Healix has previously attempted to consummate the transfer of the domain names; yet one or more Defendants have failed to respond to the requests and instead, unlawfully retained ownership of the domain names that were listed in the settlement agreement. Further, they have not only failed to consummate the transfer, but are still using the name "Helix Health" as a corporate identifier in violation of the settlement agreement.  *See* **Exhibit "C".**

19.     One or more Defendants have also failed "to provide a list of all domain names that they have registered using the terms "Helix" or "Healix" within ten (10) days of this Agreement."

20.     In failing to comply with the terms of the settlement agreement, one or more Defendants have committed a material breach and thus, Healix is discharged from its obligation to perform.

<u>**COUNT ONE**</u>

**BREACH OF THE SETTLEMENT AGREEMENT**

21.     Healix repeats and re-alleges herein the allegations set forth above.

22.     The settlement agreement constituted a valid and existing contract between Healix and Defendants.

23.     Healix has performed all conditions required on its part to be performed under the settlement agreement, except as prevented by one or more Defendants or excused.

24.     One or more Defendants disregarded the express terms of the settlement agreement by retaining ownership of the <helixhealth.org>, <myhelixhealth.com>, and <helixfound.org> domain names in conjunction with their failure to transfer the same to Healix as set forth in paragraph three of the settlement agreement.

25.     One or more Defendants have disregarded their obligation to "provide a list of all domain names that he has registered using the terms "Helix" or "Healix" within ten (10) days of this Agreement" as set forth in paragraph eight of the settlement agreement.

26.     One or more Defendants disregarded their obligation to "cease using the "Helix Health" trademark, trade name, corporate identifier and any derivative thereof, including without limitation "Helix" and "Healix"" as set forth in paragraphs two and eight of the settlement agreement. *See* **Exhibit "C".**

27.     Said failures to comply with the express terms of the settlement agreement has resulted in a material breach and as a direct and proximate result, Healix is excused of its obligation to perform and is entitled to recover damages.

## COUNT TWO

## INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK/SERVICE MARK PURSUANT TO 15 U.S.C. §1114 AND § 1125

28.     Healix repeats and re-alleges herein the allegations set forth above.

29.     As a result of the material breach, Healix is permitted to assert a claim for trademark infringement against both Defendants based on their actions in connection with the use of "Helix Health" as a corporate identifier, which is confusingly similar to Healix's marks.

30.     Additionally, one or more Defendants failure to transfer and continued ownership of the domain names in question without Healix's implicit consent, is intended to and is likely to cause confusion, to cause mistake, and to deceive, and has, upon information and belief, have caused confusion, mistake, or to deceive others as to the affiliation, connection or association between Defendants and Healix.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Healix Infusion Therapy, Inc. prays judgment against Defendants as follows:

A.      Ordering Defendants to specifically perform their duties and obligations under the settlement agreement, including ceasing and desisting from the use of "Helix", "Healix" or any derivative thereof and the forfeiture of all domain names that include the same;

B.      Ordering Defendants to transfer <helixhealth.org>, <myhelixhealth.com>, and <helixfound.org> to Healix within three business days after judgment is entered;

C.      Destroying or otherwise rendering innocuous all of Defendants' promotional material bearing the "Helix" or "Healix" mark including, but not limited to, marketing materials, advertisements and all Internet Web sites;

D.      Directing an accounting to be had of Defendants' sales and profits derived from its unlawful activities and awarding Healix profits resulting from the same;

E.      Awarding Healix damages adequate to compensate for Defendants' breach of the settlement agreement and trademark infringement and its $7500.00 paid in connection with the settlement agreement;

F.      Awarding threefold the damages, costs, and attorneys fees sustained by Healix by reason of Defendants' unlawful conduct alleged herein;

G.      Awarding costs in an amount to be determined at trial; and

H.      Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:_____
Scott Weiss, Attorney-in-Charge
Federal Bar No.38224.
14140 Southwest Freeway, Ste. 400
Sugar Land, Texas 77478
281-295-4122
832-201-0687 (Fax)

**ATTORNEY FOR PLAINTIFF**
**HEALIX INFUSION THERAPY, INC.**

# EXHIBIT "A"

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AGREEMENT ("Agreement") is made and entered into on April __, 2009 by, and between, HEALIX, INFUSION THERAPY, INC. ("HEALIX"); HELIX HEALTH, LLC and STEPHEN MURPHY, M.D. ("MURPHY").

WHEREAS, Healix owns Federal Registration Nos. 2,258,592; 3,098,781; 3,098,782; and 3,101,469 for the HEALIX mark used in connection with practice management services for healthcare providers and hospitals, pharmacy/infusion services and durable medical equipment;

WHEREAS, HELIX HEALTH, LLC owns U.S. Application Serial No.77/067143 for the HELIX HEALTH mark used in connection with dietary and nutritional guidance, drug testing for substance abuse, genetic testing for medical purposes, health care services, namely disease management programs, medical counseling its technology solution within the healthcare industry; and

WHEREAS, Healix initiated a civil action against Murphy in the United States District Court for the Southern District of Texas, styled *Healix Infusion Therapy, Inc. v. Helix Health et al*, Civil Action No. 4:08-cv-337 for trademark infringement and violating the Anti-Cybersquatting Consumer Protection Act of 1999.

WHEREAS all claims other than the claim for violation of the Anti-Cybersquatting Consumer Protection Act of 1999 were dismissed for lack of jurisdiction.

WHEREAS Judge S. Lake of the United States District Court for the Southern District of Texas, Houston Division, granted Murphy's Motion for Summary Judgment on the Anti-Cybersquatting claim.

WHEREAS Healix has appealed the grant of summary judgment.

WHEREAS the parties wish to resolve the issues related to all claims that have been or were made, and that might now exist between them.

NOW, THEREFORE, and in consideration of the mutual covenants, agreements and undertakings set forth in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, on behalf of themselves, their respective officers, directors, shareholders, agents, employees, successors and assigns, agree as follows:

1. <u>Abandonment of the HELIX HEALTH Trademark Application</u>. Within three (3) days after receipt of an executed copy of this Agreement by all parties Helix Health LLC shall expressly abandon "without consent" its HELIX HEALTH application, Serial No.77/067143, currently pending before the USPTO. Additionally, no further "HELIX" trademark applications or any

derivatives thereof shall be filed in the future, except with respect to the <HELIX HEALTH AND MEDICINE OF NEW YORK> mark permitted under Section 2 below.

2.  Cessation of Use. Except as provided herein, within thirty (30) days after receipt of an executed copy of this Agreement by Murphy, Murphy shall cease using the "Helix Health" trademark, trade name, corporate identifier and any derivative thereof, including without limitation "Helix" and "Healix". This provision excludes the following corporate identifiers: (1) Helix Health of Connecticut, (2) Helix Health of Delaware and (3) Helix Health of New York. Murphy or his assignee can file a trademark application for "Helix Health and Medicine of New York" as or corporate identifier with the United States Patent and Trademark, and Healix will not oppose such registration. As to use of the corporate name, Helix Health LLC, Murphy and Helix Health, LLC shall have six months to change the corporate name for Helix Health LLC to allow for notice and transition of name changes and payments by third party payors. The corporate name, Helix Health, LLC shall not be used for purposes of marketing after the thirty day period set out above.

3.  Transfer of Domain Names. Within thirty (30) days after receipt of an executed copy of this Agreement by Murphy, Murphy shall take all necessary steps to assign, transfer, convey, and deliver exclusively to Healix, free and clear of any and all liens, encumbrances, and claims of third Parties, and Healix agrees to acquire from Murphy all of Murphy's right, title, and interest in and to the domain names <helixhealth.org>, <helixfound.org> and <myhelixhealth.com> to the extent of Murphy's and/or Helix Health's ownership interest.

    a.    Murphy and Helix Health have disclosed, and Healix acknowledges that helixhealth.org is a "domain name record" maintained by "Nearly Free Speech" which has "locked" the name and that the name cannot be utilized until expiration of the deposit. Murphy and Helix Health will cooperate in executing all documents necessary to effect the transfer or assignment of their ownership in that name so long as the transfer is without cost or further action by them.

    b.    Myhelixhealth.com can and will be transferred by Murphy and/or Helix Health on consummation of the agreement.

    c.    Healix will be responsible for the transfer fees of any, if any, to a web service of its choice or GoDaddy.com.

    d.    Healix also represents that it will not re-direct <helixhealth.org> to any of Healix's website; rather, it will be "parked" at GoDaddy, Inc. with a blank page. Murphy, on behalf of himself and the entities he currently has an ownership interest in, represents and warrants that neither he nor his entities will resume using or register any domain names that include the word "Helix" "Healix" or any derivatives thereof. This provision excludes the following domain names: (1) <helixhealthofdelaware.org>, or <helixhealthofdel.org>, or <helixhealthofde.org>; (2) <helixhealthofconnecticut.org> or <helixhealthofct.org>; (3)

Confidential Settlement Agreement
Healix Infusion Therapy v. Dr. Steven Murphy
Case No. 4:08-cv-337, Southern District of Texas

Page 2 of 5

myhelixhealth.org and (4) <helixhealthofnewyork.org> or <helixhealthofny.org>.

4.      Rerouting of Emails "  Within ten (10) days after receipt of an executed copy of this Agreement by Murphy, Healix in conjunction with Murphy or Helix Health LLC shall take whatever steps are necessary to set up an MX Record to have all emails that are received at helixhealth.org rerouted to Murphy's new email address (to be provided by Murphy).  This provision is necessary to prevent any inadvertent disclosure of patient information and violation of HIPA.  Healix also agrees not to set up any email address associated with (or an MX record for the DNS records for) the domain names <helixhealth.org> and <myhelixhealth.com>.

5. Dismissal of Outstanding Motions. Within three (3) days after receipt of an executed copy of this Agreement by Murphy, Murphy will withdraw all pending motions in the litigation on file in the Southern District of Texas.

6. Dismissal of the Appeal. Within three (3) days after receipt of an executed copy of this Agreement by Healix, Healix will notify the United States Court of Appeals for the Fifth Circuit that it is dismissing its right of appeal with prejudice.

7. Dismissal of the TTAB Proceeding. Within three (3) days after receipt of an executed copy of this Agreement by Healix, Murphy's counsel will submit Exhibit "A" to the TTAB and Healix will notify the Trademark Trial and Appellate Board that the Parties have agreed to a settlement.

8. Affiliated with Certain Entities. Murphy agrees not to represent his affiliations with Helix Health LLC of Ireland as  an employee, owner, officer or otherwise having a vested interest therein.  This clause is not an admission or an acknowledgment by Murphy that he has, in fact, misrepresented his affiliations in the past.  Murphy agrees to provide a list of all domain names that he has registered using the terms "Helix" or "Healix" within ten (10) days of this Agreement.  Murphy represents that he has not used any other domain names for marketing Helix  Health LLC other than those identified herein and during discovery of this case.  In any event, Murphy agrees to transfer and/or assign all such names on request.

9. Claims Barred. The parties agree that all claims, potential claims and causes of action, known or unknown, as of the date of settlement, are barred as though all such claims, potential claims and causes of action were dismissed by a court of competent jurisdiction with prejudice. This includes, but is not limited to, Healix's alleged trademark infringement and related causes of action that was dismissed without prejudice in the lawsuit made the subject of this Agreement.

10. Settlement Funds. Within ten (10) days after receipt of an executed copy of this Agreement by Healix, Healix will forward a check in the amount of $7,500.00 to the attention of Stephen Cochell at EpsteinBeckerGreen on behalf of Murphy.

11.     Severability. If any provision of this Agreement is judicially determined to be unenforceable, such provision shall be replaced by a valid and enforceable provision that will

Confidential Settlement Agreement
Healix Infusion Therapy v. Dr. Steven Murphy
Case No. 4:08-cv-337, Southern District of Texas

achieve to the greatest extent possible the Parties' intention.  The remaining provisions of this Agreement shall nevertheless be enforceable and shall continue in full force and effect.

12.  Confidentiality. The Parties agree to keep confidential the terms of this Agreement as well as the disputed allegations and claims being resolved herein. The Parties further agree that they will not disclose, directly or indirectly, any such information to any person or entity except: (1) as necessary to enforce or perform this Agreement; or (2) as required by a subpoena or other court or administrative order requiring disclosure of such information.

13.    Non-Disparagement/Tortious Interference. Each Party agrees to refrain from any defamation, libel or slander of the other Party.  Both Parties also agree that they will not interfere with the business of their counterpart.

14.  Binding Nature. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their predecessors, subsidiaries, affiliates, parent companies, officers, directors, shareholders, attorneys, agents and employees.

15.  Entire Agreement. This Agreement constitutes the entire understanding between the Parties. This Agreement may not be altered, amended or modified in any respect, except in writing, duly executed by both Parties. The Parties acknowledge that, in executing the Agreement, they have carefully reviewed or had the opportunity to review its terms with counsel of their choice, and are fully aware of the extent of their rights and obligations under this Agreement.

16.  Notices. All notices under this Agreement shall be in writing and shall be deemed given if delivered personally, mailed by registered or certified mail, return receipt requested, or sent by facsimile with a receipt confirmed by the transaction statement.

17.  Non-Admission of Liability or Findings:  The parties agree that this Settlement Agreement is made without an admission of liability or concession of validity/non-validity of the respective parties' contentions in the above case.

18.  Performance of Agreement:  The parties agree that each party will perform all acts necessary to perform this Agreement.  This includes but is not limited to executing documents effectuating the release and/or transfer of websites, or seeking a court order to accomplish the performance of acts necessary to carry out the intent and terms of the Agreement.

19.  Enforcement:  Any actions to enforce any breach of this Agreement shall be filed in the United States District Court, Southern District of Texas.

Confidential Settlement Agreement
Healix Infusion Therapy v. Dr. Steven Murphy
Case No. 4:08-cv-337, Southern District of Texas

IN WITNESS WHEREOF, the Parties have caused this Confidential Settlement Agreement to be signed by their respective duly authorized officers, to be effective upon the signatures of both hereto.

**HEALIX INFUSION THERAPY, INC.**          **STEVEN MURPHY, M.D.**

By: _____             By: _____
Irwin Silverstein, VP Legal Affairs             Steven Murphy, M.D.


Date: _____ 5 - 1- 2009 _____             Date: 1 May 2009


Helix Health, LLC

By: _____
Steven Murphy, President


Date: 1 May 2009

Confidential Settlement Agreement
Healix Infusion Therapy v. Dr. Steven Murphy
Case No. 4:08-cv-337, Southern District of Texas

# EXHIBIT "B"



Bank of America | Higher Standards

**Bank of America Direct**

---

116429

HEALIX
practice simplicity
14140 SW FREEWAY, SUITE 400
SUGARLAND, TX 77478

BANK OF AMERICA
00642 TX
32-2-1110

4/13/2009    116429    $******7,500.00

DATE    AMOUNT

Seven Thousand Five Hundred and 00/100------------------------------------------- USD

PAY to the order of   EPSTEIN,BECKER AND GREEN, PC
250 PARK AVENUE
NEW YORK, NY  10177-1211

VOID AFTER 90 DAYS

Al B Chamith

⑈116429⑈    REDACTED    ⑈0000750000⑈

---

JPMORGANCHASE BK NA CR TO NMD
050509 >074909962< PAYEE ALL
15051990  003003E  BTS RSVD
REDACTED
RIR
877024 DAG
CID
EDA
C

---

| Check Info REDACTED | | Electronic Endorsements |
|---|---|---|
| Account | | 05/05/2009 BANK OF AMERICA, NA |
| Amount: | 7,500.00 | R/T: 111012822 |
| Check #: | 116429 | Seq #: REDACTED |
| Posted Date: | 05/05/2009 | 05/05/2009 JPMORGAN CHASE BANK, NA |
| | | R/T: 21000021 |
| | | Seq #: REDACTED |
| | | 05/05/2009 JPMORGAN CHASE BANK, NA |
| | | R/T: 74909962 |
| | | Seq #: 00 REDACTED |

**BOFD – Bank of First Deposit**

C
T
E
D

---

Bank of America, N.A. Member FDIC.
©2005 Bank of America Corporation. All rights reserved.

# EXHIBIT "C"

 TrafficZ  **DomainTools**  LeaseThis.com                    Welcome  **sweiss**  Logout  |  My Account



Return to My Registrant Searches                                    Save as .CSV

**Registrant Report Preview ("helixhealth@gmail.com")**

| # | Domain | Whois Record |
|---|--------|--------------|
| 1 | 23BUTNOTME.COM | Current | 2008/02/05 (3) |
| 2 | DEMENTEDGOMER.COM | Current | 2007/12/07 (2) |
| 3 | FINDTHEARROW.COM | Current | 2008/06/10 (2) |
| 4 | FINDTHEARROW.ORG | Current | 2008/06/09 | 2008/07/27 | 2008/09/29 (2) |
| 5 | GENESANDFOOD.COM | Current | 2007/11/11 (3) |
| 6 | GENESANDHEALTH.INFO | Current | 2008/01/20 (3) |
| 7 | GENESANDHEALTH.ORG | Current | 2008/01/26 (3) |
| 8 | GENESANDMEDS.COM | Current | 2007/11/11 |
| 9 | GENESHERPA.COM | Current | 2007/11/28 (2) |
| 10 | GENOMEDOCS.COM | Current | 2008/02/17 (3) |
| 11 | GENOMEDOCS.ORG | Current | 2008/02/16 | 2008/07/28 (3) |
| 12 | GENOMELIVING.COM | Current | 2008/01/15 (3) |
| 13 | GENOMESHERPA.COM | Current | 2007/11/28 (2) |
| 14 | GENOMICDOCS.COM | Current | 2008/02/17 (3) |
| 15 | GENOMICIST.COM | Current | 2008/01/18 (3) |
| 16 | GENOMICLIFESTYLES.COM | Current | 2008/01/15 (3) |
| 17 | GENOMICLIVING.COM | Current | 2008/01/15 (3) |
| 18 | GENOMICTV.COM | Current | 2008/12/31 (2) |
| 19 | GREENWICHGENOMICS.COM | Current | 2008/01/26 | 2008/01/30 (3) |
| 20 | GREENWICHGENOMICS.NET | Current | 2008/01/26 | 2008/01/30 (3) |
| 21 | GREENWICHGENOMICS.ORG | Current | 2008/01/26 | 2008/01/29 | 2008/05/02 (3) |
| 22 | HELIXFOUND.ORG | Current | 2009/01/11 | 2009/02/14 | 2009/04/22 (2) |
| 23 | HELIXHEALTH.ORG | Current | 2007/11/17 | 2008/04/06 |
| 24 | MYHELIXHEALTH.COM | Current | 2007/10/15 | 2008/03/01 (5) |
| 25 | MYHELIXHEALTH.ORG | Current | 2008/02/29 | 2008/05/05 (3) |
| 26 | THEGENESHERPA.COM | Current | 2007/12/17 (2) |



SEARCH BLOG    FLAG BLOG    Next Blog»                                Create Blog |

# Gene Sherpas: Personalized Medicine and You

To usher in the new paradigm of personalized medicine we will need to travel a perilous path. Much like the route through the Himalayas it has punished the naive and self-reliant. That is why I have dedicated my life to being a Gene Sherpa. What is a gene sherpa? The Sherpa speaks the language of the trail, he/she knows short cuts and dangerous paths to avoid. This blog is for those wishing to take the journey and those wishing to become Gene Sherpas. Interested? Email me helixhealth@gmail.com

**TUESDAY, JUNE 30, 2009**

## The Infer Game



What really gets me upset is that marketing people infer something but don't outright make a claim.

They do this because to make a claim which isn't true is grounds for the FTC to investigate you, but if you "infer" something, you don't make the claim.... Why do I jump on this?

Because I don't play "infer" for my patients.

In fact, health information and healthcare is too important to "infer" anything. You cannot manipulate peoples' trust in you....

Either we can justify via science and current medical practice or we cannot. Why let people dangle in the wind with false information.....

But this little game is nothing new. Vitamin hucksters and weight loss supplements play this "infer" game too.....so I guess the DTC genomics companies want to be seen as Hucksters....otherwise, why infer something which isn't true......

This went on with Navi's most recent blog post

*It is possible that the Factor V mutation also confers a selective advantage to people who carry one copy, but scientists just aren't sure yet.*

Subscribe

 Enter your email

[ Sub ]

Press/Physicians



Steve Murphy M

I am the founder of a Personalized Medicine prac (likely the first private prac of its kind). I serve the Clin Science Committee of the Personalized Medicine Coal also sit on the Informed Co Oversight Board for the Co Personalized Medicine Collaborative. I have traine Medical Genetics at Yale as as Internal Medicine. I am a internist who is posting, ru my practice and have deve a modern medical genetics curriculum for residents an other physicians. On this bl am educating the public an hopefully some physicians a the field of genetics and