IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:09-CV-02072 |
| | § | |
| | § | |
| HELIX HEALTH, LLC AND STEVEN MURPHY, INDIVIDUALLY, | § | |
| | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff Healix Infusion Therapy, Inc. in the above entitled and numbered cause and files this, its Motion for Default Judgment against Defendants Steven Murphy and Helix Health, LLC and shows the Court as follows:

**OVERVIEW**

1. On July 6, 2009, Plaintiff Healix Infusion Therapy, Inc. ("Healix") filed its First Amended Complaint (the "Complaint") against Defendant Steven Murphy, individually and on behalf of Defendant Helix Health, LLC (collectively "Defendants"), in connection with the breach of a settlement agreement (the "Settlement Agreement"). *See* **Affidavit of Scott Weiss in Support of Default Judgment**.

2. Specifically, the Settlement Agreement consisted of Healix paying Defendants $7,500.00 in settlement funds, withdrawing its appeal to the Fifth Circuit and agreeing not to bring suit against Defendants for trademark infringement in exchange for Defendants' abandonment of their trademark application for HELIX HEALTH, providing a list of domain names previously used to market "Helix Health" and transfer ownership thereof, refrain from

further using/marketing "Helix Health"[1], and changing the corporate name. ***See* Weiss' Affidavit—Exhibit "A".**

3. While Healix substantially performed its obligations under the Settlement Agreement, Defendants made the conscience decision not to comply with theirs. They continued to market/use "Helix Health" past the 30 day deadline imposed. ***See* Weiss' Affidavit—Exhibit "B".** They did not provide Healix with a complete list of domain names used to promote "Helix Health". ***See* Weiss' Affidavit—Exhibit "C".** They failed to properly assist Healix with the transfer of the domain names and attempted to retain at least one domain name by claiming they no longer owned it. ***See* Weiss' Affidavit—Exhibit "D".** Finally, they did not change the corporate name, Helix Health, with the Connecticut Secretary of State's Office by the deadline provided for in Section Two of the Settlement Agreement. ***See* Weiss' Affidavit—Exhibit "E".**

4. In turn, Healix filed suit against Defendants and despite being aware of the lawsuit at all times, Defendants not only avoided service, but refused it. As a result, Healix sought substituted service, which the Court granted on September 30, 2009. [Docket Entries #7 and #9]. On October 3, 2009, Healix filed its proof of service in compliance with the Court's order, with Defendants' answer was due on October 23, 2009. [Docket Entry #10].

5. As of the filing of this motion, neither Defendant has filed an answer or otherwise responded to the lawsuit. Neither Defendant is a minor, incompetent, in military service or a federal officer or agency. Additionally, personal jurisdiction is based on diversity and because Defendants previously consented to enforcement of the Settlement Agreement in the Southern District of Texas. As such, Healix requests that default judgment be entered against both Defendants at this time. ***See* Weiss' Affidavit—Exhibit "F".**

---

[1] Section Two of the Settlement Agreement provided Defendants with the ability to use a geographic identifier in conjunction with "Helix Health".

**ARGUMENT AND AUTHORITIES**

6. A district court may render default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* FED. R. CIV. P. 55(a), (b)(2); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, upon default, the well-pleaded allegations of a complaint relating to liability are taken as true. *See* FED. R. CIV. P. 8(b)(6); *United States v. Shipco General, Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

**A.  Breach of Contract Claim**

7. As to the allegations asserted by Healix in its Complaint, it properly pled for breach of contract and provided evidence that it performed all conditions precedent as required by the Settlement Agreement signed by the parties on May 1, 2009.  Defendants, however, were in breach when they intentionally disregarded (1) Section Two (Cessation of Use) of the Settlement Agreement which required them to cease using/marketing "Healix Health" by itself past the thirty day deadline; (2) Section Eight (Affiliated with Certain Entities) of the Settlement Agreement which required Defendants to make a full disclosure of domain names used to promote "Helix Health" and transfer the same; (3) Section Three (Transfer of Domain Names) of the Settlement Agreement when they failed to adequately assist Healix in the transfer of at least one domain name, and (4) Section Two (Cessation of Use) of the Settlement Agreement by failing to change the corporate name.  And, as a result of their failure to answer or otherwise respond to the lawsuit, Defendants have admitted to the allegations made against them. *See* FED.R.CIV.P. 8(b)(6); *Joe Hand Promotions, Inc. v. Garcia*, 546 F.Supp.2d 383, 385 (W.D.Tex.2008).

8. Additionally, when considering that Healix previously paid $7,500.00 in settlement

funds to Defendants, dismissed its appeal and agreed to forgo any future trademark actions against Defendants, their failure to fully perform their obligations under the Settlement Agreement amounted to a material breach. *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex.1994). As such, Healix was excused from performing its obligations and was therefore able to assert a trademark infringement claim based on the continued use of "Helix Health".

## B. Trademark Infringement Claim

9. With respect to Healix's trademark infringement claim, Healix is the owner of the federally registered HEALIX mark as reflected by Registration Nos. 2,258,592; 3,098,781; 3,098,782 and 3,101,469, of which Registration No. 2,258,592 is incontestable under Sections 8 & 15 of the Lanham Act. *See* **Weiss' Affidavit—Exhibit "G".** The HEALIX mark has been used in the healthcare industry since 1989 in connection with durable medical equipment, as well as parenteral, pharmacy and practice management services offered to physicians. The HEALIX mark is used exclusively by Healix, which operates in over twenty states.

10. Similar to its other causes of action, Healix's Complaint properly set forth a valid claim against Defendants for statutory trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) based on their continued use of "Helix Health". Healix was only required to show that it has a valid trademark entitled to protection under the Lanham Act and that the use of Defendants' mark infringes, or is likely to infringe, upon it.[2] *Quantum Fitness Corp. v. Quantum LifeStyle Ctrs., L.L.C.,* 83 F.Supp.2d 810, 831 (S.D.Tex.1999).

11. Taking into consideration that neither Defendant has answered in conjunction with

---

[2] A registration certificate constitutes prima facie evidence of the validity of the mark and the exclusive right to use it in commerce. *See generally ICEE Distrib., Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 597 (5th Cir.2003). "A registration becomes conclusive evidence of the registrant's exclusive right to use a mark after five consecutive years of continuous use in commerce, subject to a few enumerated defenses." *Id.* (citing *Quantum Fitness Corp.*, 83 F. Supp. 2d at 817.

the well pleaded facts by Healix, they have admitted to infringing upon the federally registered HEALIX mark. As additional support, Healix contends that the continued use of "Helix Health" has contributed to the likelihood of confusion when considering that both marks are used in the healthcare industry,[3] that "Healix" and "Helix" are phonetically indistinguishable and that the United States Patent and Trademark Office initially denied one of Healix's recent trademark applications in light of Defendants' previously pending application.[4] *See* **Weiss' Affidavit—Exhibit "H".** As further evidence in support of trademark infringement, Healix also markets itself as "Healix Health Services" and has done so since 1999, well in advance of Defendants' use of "Helix Health". *See* **Weiss' Affidavit—Exhibit "I".** The facts and allegations are arguably sufficient for the Court to determine that the continued use of "Helix Health" constitutes trademark infringement.

12. Healix also contends that Defendants' actions were intentional, willful and in bad faith and that this case constitutes an exceptional case under 15 U.S.C. § 1117(a) which permits the award of reasonable attorney's fees by the Court. *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir.1992). In support of its position, Healix relies on the fact that Defendants were put on notice as to what their obligations were under the Settlement Agreement and that future use of "Helix Health" was strictly prohibited, yet they completely disregarded the requirements set forth therein. In essence, Defendants were provided with the opportunity of avoiding a lawsuit premised solely on trademark infringement in exchange for refraining from future use of "Helix Health", yet they chose not to capitalize on this concession.

13. In sum, Defendants' failure to answer or otherwise defend the lawsuit has brought

---

[3] Defendant Steven Murphy is a physician practicing in Stamford Connecticut. Defendant Helix Health was incorporated in Connecticut on August 16, 2007.

[4] Healix's mark for Registration No. 3697483, HEALIX PRACTICE SIMPLICITY, has since become registered.

the adversary process to a halt, while allowing them to materially breach the Settlement Agreement without penalty. No material issues of fact have been placed in dispute and there is no evidence indicating that a good faith mistake or excusable neglect caused the default. Defendants have had ample time to file an answer, mitigating the harshness of a default judgment and therefore, granting a default judgment in this case is therefore appropriate under the circumstances. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir.1998). Accordingly, Healix seeks a permanent injunction, the recovery of its settlement funds paid to Defendants in the amount of $7,500.00 and attorney's fees.[5]

## C. Permanent Injunction

14. Healix requests a permanent injunction enjoining Defendants from using "Healix", "Helix" or "Helix Health" with out a geographical reference. A permanent injunction is appropriate if Healix can prove: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the Defendants; and (4) that the injunction will not disserve the public interest. *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 561 (N.D.Tex.1997).

15. Courts have acknowledged that default against a defendant is tantamount to actual success on the merits. *Twist & Shout Music v. Longneck Xpress, N.P.,* 441 F.Supp.2d 782, 785 (E.D.Tex.2006). Further, Healix has no other adequate remedy at law because monetary damages will not prevent future infringing activity by Defendants. There is also no threatened injury to Defendants, nor will a permanent injunction disserve the public interest given that Defendants

---

[5] By alleging trademark infringement and Defendants' admission of liability due to default, Healix would ordinarily be entitled to lost profits. *See* 15 U.S.C. § 1117(a). However, without discovery, Healix is unable to quantify this amount and will therefore contingently waive a request that the Court award lost profits, but reserves the right to seek those damages in the unlikely event that Defendants successfully contest the finality of its proposed default judgment.

previously agreed to the relief now requested.

### D. Settlement Funds, Attorney's Fees and Costs

16. In addition to a permanent injunction, Healix seeks to recover the $7,500.00 paid to Defendants at the time the Settlement Agreement was executed. Healix's payment was premised upon Defendants' representations that they would comply with the terms of the Settlement Agreement, yet they failed to do so.

17. Healix also seeks the recovery of attorney's fees for 45.6 hours of work at $250.00 an hour devoted to this case for a total of $11,400.00. *See* **Weiss' Affidavit—Exhibit "J".** First and foremost, Healix can recover attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code for Defendants' breach of the Settlement Agreement. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Additionally, Healix contends it can recover attorney's fees under its trademark infringement claim by way of 15 U.S.C. § 1117(a) because this amounts to an exceptional case based on Defendants' intentional acts and their subsequent default. *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir.1992); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D.Cal.2003) (noting that "a case may be deemed 'exceptional,' and merit an award of attorney's fees under the Lanham Act, when a Defendant disregards the proceedings and does not appear"); *T-Mobile USA, Inc. v. Shazia & Noushad Corp.*, No. 3:08-CV-00341, 2009 WL 2003369, at *4 (N.D. Tex July 10, 2009).

18. As a result of having to file suit against Defendants, Healix also seeks $350.00 for the filing fees expended at the time the case was filed.

### PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Healix prays that after due proceedings, the Court

enters a default judgment against Defendants Helix Health, LLC and Steven Murphy and awards the following relief:

(a)     Defendants, their officers, employees, agents, servants, attorneys, successors and assigns, related companies and all those persons in active concert or participation with them, be enjoined and restrained from using in connection with the promotion, advertising, offering for sale, or sale, of any products or services bearing "Healix", "Helix" or "Helix Health" as a stand alone mark or ones that are confusingly similar and likely to dilute the distinctive quality thereof;

(b)     Defendants, their officers, employees, agents, servants, attorneys, successors and assigns, related companies and all those persons in active concert or participation with them, be required to dissolve any and all entities incorporated under any name registered using "Healix", "Helix" or "Helix Health" without geographical reference;

(c)     Healix recover $7,500.00 paid in connection with the settlement agreement, $11,400.00. in attorney's fees and filing fees in the amount of $350.00;

(d)     Helix recover attorney's fees in the amount of $10,000.00 conditioned upon either Defendant filing a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this case;

(e)     Helix recover attorney's fees in the amount of $15,000.00 conditioned upon either Defendant filing an appeal that does not result in a reversal of the judgment obtained in this action; and

(f)     Helix recover attorney's fees in the amount of $2,000.00 for collection of the judgment rendered in this case, should Healix obtain a writ of execution, writ of garnishment, writ of attachment or other process.

Respectfully submitted,

By: _____
Scott Weiss, Attorney-in-Charge
Healix Infusion Therapy, Inc.
Federal Bar No. 38224
14140 Southwest Freeway, Ste. 400
Sugar Land, Texas 77478
281-295-4122
832-201-0687 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**HEALIX INFUSION THERAPY, INC.**

9

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing was sent via certified mail to Defendants Helix Health, LLC and Steven Murphy on November 19, 2009.

_____
Scott Weiss